# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JAMES GUY,

                Petitioner,      :      Case No. 2:20-cv-5459

                                                District Judge Sarah D. Morrison
-  vs  -                                      Magistrate Judge Michael R. Merz

WARDEN,
  Ross Correctional Institution

                Defendant.      :

## DECISION AND ORDER

    This habeas corpus action, brought *pro se* by Petitioner James Guy under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Accept Personal Recorder to Correct Current/False Transcript Record on File (ECF No. 14).

    According to his Motion, Petitioner's first trial ended in a hung jury, but he believed the record of that trial had been falsified. Accordingly, he personally and privately recorded his second trial. He asserts the transcript of the second trial is also incorrect and he seeks to have this Court "verify" the record by using his personal recording. He has not tendered either a copy of the recording or a transcript.

    When a person appeals from a decision of the Common Pleas Court, that court must prepare and transmit to the court of appeals the relevant records of the trial court. After it has done so, if

the appellant believes the transmitted record does not reliably report what occurred in the trial, appellant has a remedy under Ohio R. App. P. 11(E) which provides:

> **(E) Correction or modification of the record.** If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by the trial court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified, filed, and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals.

Petitioner's Motion does not indicate whether his differences as to what the record should be were ever presented to either the trial court or the court of appeals. Assuming they were not, the time to do so has long since passed.

The Court does not question Petitioner's right to record the trial. Under Ohio practice, which is very different from federal practice, courts are open to the media who are allowed to broadcast live. Presumably that implies that a party can create its own record of what happened. But all courts zealously guard the record by making court personnel responsible for recording and then for transcribing the record. To that end, transcripts are often prepared by certified or registered court reporters, often the reporter who has created the record by machine or hand stenography.

In this particular case, the transcript was prepared by the Assistant Official Court Reporter Shirley A. Erwin who is also the person who recorded the trial in stenography. She has certified the accuracy of her transcript as follows:

> I, Shirley A. Erwin, do hereby certify that the foregoing is a true, correct, and complete transcript of the proceedings in this matter on Monday, February 6, 2017, taken by me and transcribed from my stenographic notes.

(State Court Record, ECF No. 18-2, PageID 2542). Ms. Erwin's Certificate is proper as to form. Because the transcript was accepted as the record by the Tenth District Court of Appeals, this Court is also bound to accept it.

    Petitioner's Motion to Accept Personal Recorder is DENIED.

August 26, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge
