UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES GUY,

      Petitioner,   :     Case No. 2:20-cv-5459

                                Judge Sarah D. Morrison
- vs -                       Magistrate Judge Michael R. Merz

WARDEN,
  Ross Correctional Institution

      Defendant.   :

**OPINION AND ORDER**

This habeas corpus action, brought *pro se* by Petitioner James Guy under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 31) to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed with prejudice. (ECF No. 28).

A litigant who objects to a Magistrate Judge's Report on a dispositive matter such as the merits of a habeas corpus petition is entitled to a *de novo* review of those portions of report to which substantial objection is made. The Court has conducted that *de novo* review; its conclusion is embodied in this Opinion and Order.

**Summary of the Report**

In his Petition, Guy pleaded Grounds for Relief A through L. Then in his Traverse he voluntarily abandoned all claims that he did not argue in that pleading and re-numbered his claims. (Traverse, ECF No. 27, PageID 2616). The Report

1

concluded Guy's actual innocence claim had been abandoned and his insufficiency of the evidence claim was without merit. (Report, ECF No. 28, PageID 2650.)  The Magistrate Judge found Guy's claim of constitutional error in failing to excuse a biased juror (Ground D/Four) was procedurally defaulted by failure to make a contemporaneous objection. (*Id.* at PageID 2657.)  Guy claimed the trial judge impermissibly allowed evidence of his religion (Ground F/Six) which the Magistrate Judge recommended be dismissed as without merit. (*Id.* at PageID 2662.)  The Report concluded that Guy's claim that he was unconstitutionally denied a new trial (Ground Ten/J) did not state a constitutional claim on which habeas corpus relief could be granted. (*Id.* at PageID 2662.)

In Ground Thirteen/K(a)(1) Guy asserted he received ineffective assistance of appellate counsel when his appellate attorney failed to plead as an assignment of error that the trial court abused its discretion by failing to grant a continuance or impose sanctions on the prosecution due to untimely disclosure of discovery material. Petitioner had raised this claim in an application to reopen his appeal and the Ohio Tenth District Court of Appeals rejected it on the merits. (*Id.* at PageID 2664-66, quoting the Tenth District's opinion which appears in the State Court Record. (ECF No. 18, Ex. 38, PageID 633-35).)  The Report concluded this decision was entitled to deference under 28 U.S.C. § 2254(d)(1). (ECF No. 28, PageID 2667.)

2

I. **Petitioner's Objections Outside the Scope of the Report**

Aside from his objections on the merits of the Report, Petitioner raised two objections to pre-Report orders.

A. **Objection to Transfer Order**

Petitioner objects "strongly" to the transfer of the Magistrate Judge reference in this case from Magistrate Judge Vascura to Magistrate Judge Merz. (Objections, ECF No. 31, PageID 2683). That transfer occurred August 16, 2021 and was entered by Judge Vascura with Judge Merz's consent (ECF No. 4). Because it was a pre-trial decision on a non-dispositive matter, Petitioner had the right to object within fourteen days of service of the order, or not later than August 30, 2021. Fed.R.Civ.P. 72(a). However, Petitioner made no objection to the Transfer Order until filing his instant Objections on November 5, 2021. Rule 72(a) expressly provides "[a] party may not assign as error a defect in the order not timely objected to." Petitioner's objection to the Transfer Order is overruled because it is untimely.

This Objection is also overruled on the merits. Litigants obviously have no right to choose the judges to whom their cases are assigned. By the same token, they have no right to prevent transfer of cases within the Court when judges find such transfers useful "to secure the just, speedy, and inexpensive determination" of a case. Quoting Fed.R.Civ.P. 1. Magistrate Judge Merz is serving this Court on recall and has particularly encouraged other Magistrate Judges to transfer habeas corpus cases to him. All the District Judges of this Court have permitted Magistrate

Judges to transfer cases among themselves upon mutual consent. Litigants do not have standing to object to such transfers.

### B. Objection to Exclusion of Personal Recorder

Petitioner also objects to Magistrate Judge Merz's Order (ECF No. 26) denying Petitioner's "Motion to Accept Personal Recorder to Correct Current/False Transcript Record on File." (ECF No. 14).

Petitioner's Motion advised the Court that he personally recorded his second trial because he believed the record of his first trial, which ended in a mistrial, had been falsified. He now seeks to correct the record by substituting his recording for a portion of the official record. The Magistrate Judge denied this motion because it had never been submitted to the Ohio courts, despite a provision for correcting the record on appeal (ECF No. 16, PageID 2623, citing Ohio R. App. P. 11(E)).

Petitioner objects, essentially arguing the merits of the substitution he wishes to make. He makes no response to the Magistrate Judge's conclusion that he defaulted on this claim by never presenting it to the Ohio courts. Nor does he dispute the rationale behind the Magistrate Judge's ruling:  because anyone can record anything that happens in an Ohio courtroom, failure to enforce Ohio R. App. P. 11(E) could easily lead to endless litigation about "what really happened" at the trial.

Accordingly, Petitioner's objection on this issue is **OVERRULED** on the merits and also because it is untimely. Any objection to the Magistrate Judge's Order on this issue should have been filed by September 13, 2021.

4

II. **Petitioner's Objections to the Report Itself**

    A. **Failure to Excuse a Biased Juror (Ground Four/D)**

Turning to substantive objections, Petitioner first objects to the recommended dismissal of his claim that a biased juror should have been excused. (Objections, ECF No. 31, PageID 2672-74).

Petitioner claims a particular juror should have been excused because (1) the juror was the mother-in-law of a good friend of the judge and (2) the same juror's son was best friends with an undercover police officer who had been convicted and imprisoned based on actions he took in his official capacity. During an in-chambers conference at which Petitioner was present, no one expressed any concern about the juror's remaining, but the next day Guy, who was representing himself, asked that she be replaced.

The Respondent asserted this biased juror claim was procedurally defaulted because Guy failed to make a contemporaneous objection to her after he knew all the relevant facts. The Magistrate Judge upheld this defense, noting that Ohio does have a procedural rule requiring contemporaneous objection which the trial judge had enforced by refusing to substitute an alternate and the Ohio Tenth District Court of Appeals had enforced by reviewing this assignment of error only for plain error. (Report, ECF No. 28, PageID 2651-57).

Petitioner objects that the Ohio contemporaneous objection rule does not apply when an objection is eventually made at a time when it can be dealt with by the trial court without prejudice to the parties. (ECF No. 31, PageID 2672). However, he cites no Ohio case law to that effect and this position is plainly

5

inconsistent with his admission on appeal that he had failed to timely object and the standard of review was therefore plain error. (Appellant's Brief, State Court Record, ECF No. 18, Ex. 24, PageID 367-68.)[1]

The question of whether an objection is "contemporaneous enough" is a question of Ohio, not federal, law. In deciding habeas corpus cases, federal courts are bound by state court decisions of what the state law is. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *citing Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."), *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005); *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003). In this particular case, the Ohio Tenth District Court of Appeals essentially held that Guy's objection, made a day after he had said he had no objection, was not timely. That is the Ohio law of contemporaneous objection as it applies to this case. To put it another way, there is no clearly established federal constitutional law requiring a state to review on the merits an objection to a sitting juror which is made a day after a defendant says he has no objection.

In a Supplement to his Objections, Petitioner criticizes the Report's analysis of *Osborne v. Ohio*, 495 U.S. 103 (1990). Noting Guy's citation to *Osborne*, the Magistrate Judge reasoned "In *Osborne, supra,* where the Supreme Court upheld

---

[1]Although Guy represented himself at trial, he was represented by counsel on appeal. Guy is bound by the concession made on his behalf.

6

application of the contemporaneous objection rule, the error was in jury instructions to which no objection was made. There is no indication in the opinion that a later objection would have saved the claim." (Report, ECF No. 28, PageID 2656).

In the portion of *Osborne* quoted in the Objections, the Supreme Court is explaining its prior decision in *Douglas v. Alabama*, 380 U.S. 415 (1965) when it states:

> We followed [in *Douglas*] "our consistent holdings that the adequacy of state procedural bars to the assertion of federal questions is itself a federal question" and stated that "[i]n determining the sufficiency of objections we have applied the general principle that an objection which is ample and timely to bring the alleged federal error to the attention of the trial court and enable it to take appropriate corrective action is sufficient to serve legitimate state interests, and therefore sufficient to preserve the claim for review here." *[quoting Douglas,* 380 U.S. ] at 422, 85 S.Ct., at 1078. Concluding that "[n]o legitimate state interest would have been served by requiring repetition of a patently futile objection," we held that the Alabama procedural ruling did not preclude our consideration of the defendant's constitutional claim. *Id.,* at 421–422, 85 S.Ct., at 1078–1079.

496 U.S. at 125.

Contrary to Petitioner's argument, the Report does not contradict *Osborne*. As the Report noted, there are several issues involved in deciding whether a claim has been procedurally defaulted. Once the Warden has raised the procedural default defense, the habeas court must decide if the State has a relevant procedural rule and whether the State courts have enforced that rule in the case in suit. (Report, ECF No. 28, PageID 2654, citing, *inter alia, Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). Those are questions of state law. Then the habeas court must decide if the state rule is an "adequate and independent" state ground on

7

which the state can rely to foreclose review of a federal constitutional claim. *Maupin*. As *Osborne* teaches, this is a question of federal law. Unlike the repetitive objection rule in *Douglas* discussed in *Osborne*, however, the Sixth Circuit Court of Appeals has repeatedly held that Ohio's contemporaneous objection rule is an adequate and independent procedural rule. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005).

Indeed as the Report notes, Guy admitted in his Traverse that the Sixth Circuit had repeatedly upheld this rule as adequate and independent. (Report, ECF No. 28, PageID 2655, citing Traverse, ECF No. 27, PageID 2617.) The combined citations given in the Report and those admitted by Petitioner conclusively demonstrate that Ohio's contemporaneous objection rule is an adequate and independent state procedural ground of decision, consistent with the analysis in *Osborne, supra.*

Because he found this Ground for Relief procedurally defaulted, the Magistrate Judge did not address the merits. While the Court finds the procedural default analysis correct, it is also true that the biased juror claim is without merit. The factual basis of the claim is (1) the juror in question was the mother-in-law of a good friend of the judge and (2) the same juror's son was best friends with an undercover police officer who had been convicted and imprisoned based on actions

8

he took in his official capacity. Guy's argument that these facts show he was deprived of an impartial jury is completely conclusory. Assume the juror, rather than her mother-in-law, was friends with the judge. Why does that make her biased? Ohio judges are elected officials. In some smaller Ohio counties judges who have been in office for some time probably get friends or acquaintances as jurors on a regular basis, but the Supreme Court has never held this creates a biased jury. In a large county like Franklin, this probably happens rarely, but the Constitution was written for counties of all sizes.

As the Tenth District noted on appeal, there was never any evidence of actual bias. Rather the argument was that the juror was potentially biased and the trial judge, considering all the evidence, found no basis for disqualification. Whether or not a juror is disqualified by bias is a question of fact on which we are bound by state court findings unless a petitioner shows the finding is in error by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Petitioner has presented no evidence of actual bias, so his Fourth Ground for Relief fails on the merits, as well as being procedurally defaulted.

### B. Ground Six/F: Prejudicial Evidence of Petitioner's Religion

In his Sixth Ground for Relief, Petitioner claims the trial judge improperly allowed evidence of his Muslim religion. The Warden argued this claim was procedurally defaulted because it had been presented to the Tenth District solely as an issue of relevance under Ohio R. Evid. 402. While the Magistrate Judge provided

9

some analysis of the fair presentation claim, he ultimately recommended this claim be denied on the merits. (Report, ECF No. 28, PageID 2658-62.

The Report found that evidence of Petitioner's religion was in a recorded jail call in which he admitted he was a member of the Black P. Stone organization and that was why he became a Muslim. While his religion was irrelevant, his membership in Black P. Stone was a key factor in identifying him as the perpetrator of the crime in suit and the state courts found, after attempting redaction, that the Muslim and Black P. Stone admissions could not be separated. The Magistrate Judge recommended deference to that state court fact finding.

Petitioner objects that the prosecutor was allowed to argue that Guy's affiliation with Black P. Stone supported the improper inference that the use of the nickname "Stone" during the crime proved Guy was the perpetrator. (Objections, ECF No. 31, PageID 2675). To show the inference was improper, he argues that the State's expert witness testimony about conduct of members of the organization was "bogus" and then offers his own statements of fact to contradict the expert. *Id*.

Arguments about the validity of expert testimony and of inferences are questions for the jury. There was no constitutional violation in allowing the State to attempt to prove Guy was the perpetrator of this crime by introducing his admission of membership in the Black P. Stone organization and then showing members often call one another "Brother Stone" which had happened during the crime. The fact that Guy stated in the same breath that he was a Muslim was his own doing. The State made no argument at all relying on his religious

identification. And Petitioner's statement of fact in the Objections are not under oath and cannot be considered because they were not offered in the trial court. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

### C. Ground Eight/H: Insufficient Evidence

In his Eighth Ground for Relief, Petitioner asserts there was insufficient evidence introduced at trial to support a conviction. The Tenth District Court of Appeals decided this claim on the merits and the Magistrate Judge concluded that decision had applied the governing precedent, *Jackson v. Virginia*, 443 U.S. 307 (1979), applying that precedent reasonably. (Report, ECF No. 28, PageID 2644-50, quoting *State v. Guy,* 2018-Ohio-4836 (Ohio App. 10th Dist. Dec. 6, 2018).

Petitioner objects that the State conflated evidence from the controlled buy on October 16, 2014, with evidence seized pursuant to search warrant on October 17, 2014. (Objections, ECF No. 31, PageID 2677). As can be seen from reviewing those portions of the Tenth District's decision on this issue, Petitioner made separate claims of insufficiency as to the two dates. For October 16 he claimed the State had not shown enough to prove kidnapping and drug trafficking, but there was evidence he brandished a firearm in complicity with his brother's sale of heroin to an undercover officer. The search that occurred on October 17 found him in the same place, 72 South Wheatland, where the prior day's offenses had occurred. The police also found heroin and drug packaging paraphernalia. The Tenth District applied the usual rule that circumstantial evidence is sufficient for conviction. *State v. Guy, supra,* ¶¶ 44.

It is true that evidence of offenses on both days was presented in one trial. But it is also true that circumstantial evidence from each of the two days supported each of the convictions. Petitioner did not raise as an assignment of error that these cases were tried together, even though he sought severance pre-trial.

He also argues the State did not prove he possessed the drugs that were found on October 17, asserting they were in the constructive possession of another individual. (Objections, ECF No. 31, PageID 2677). He particularly refers the Court to the testimony of Daniel Guy at PageID 2193 where the witness testifies there was a room at 72 South Wheatland for Andrew Naus, referred to in the transcript as "Drew," which Drew usually kept locked when he wasn't there. Guy apparently intends this as conclusive proof that he did not have access to the drugs found in that room.

However, a jury is not required to believe everything it hears. Daniel Guy testified he was the brother of the two Guys on trial. (Transcript, State Court Record, ECF No. 18-2, PageID 2188.) He testified he remembered "a little bit" about the day of the search. *Id.* at PageID 2191. Daniel answered "yes" to James's leading questions whether Drew was working "with us in our company at that time," whether we were all working together, and whether Daniel would consider Drew a member of the Guy family. *Id.* at PageID 2191-92. The house at 72 South Wheatland was being fixed up by the Guy family so that Drew could move in, but he never paid them for their help. *Id.* at PageID 2194-95. Given this testimony, most of which was elicited by leading questions from the Defendant's brother, the jury

12

might well have discredited the testimony as biased. Certainly, Daniel never testified that any drugs at the house were locked up in Drew's room and no one else had access.

Petitioner also asserts the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by suppressing a Sheriff's Detail Call Sheet (Exhibit K(a)) which is alleged to identify two other suspects in the 72 South Wheatland residence before the raid. (Objections, ECF No. 31, PageID 2678). Petitioner made no *Brady* claim in the Petition and thus no such claim is before the Court.

### D.      Ground Ten/J:  Denial of a New Trial

In his Tenth Ground for Relief, Petitioner claims the trial court abused its discretion in denying his motion for new trial. The Report rejected this claim on the grounds there is no federal constitutional right to a new trial. (ECF No. 28, PageID 2662).

Petitioner objects that a new trial is constitutionally required when denial of a new trial would leave a defendant convicted at a fundamentally unfair trial. (ECF No. 31, citing *Fleming v. Metrish*, 556 F.3d 520, 535 (6th Cir. 2009). He argues that the prosecutor engaged in misconduct by submitting inadmissible evidence despite the trial judge's having excluded it and improperly impeaching Petitioner's alibi witness. *Id.* at PageID 2679. In the Motion for New Trial, Guy labels as misconduct the submission of a Facebook page in which Guy used the racial slur "Honkies."  He also claims that the only proper way to impeach an alibi witness is by cross-

examination and the prosecutor did so by attempting, unsuccessfully,[2] to introduce a phone call allegedly coming from the alibi witness.

The trial judge denied the Motion for New Trial summarily. (Entry, State Court Record, ECF No. 18, Ex. 20). On appeal Guy argued this as his Ninth Assignment of Error. (Appellant's Brief, State Court Record, ECF No. 18, PageID 392, et seq.) In the course of his Brief, Guy never presented the two instances of prosecutorial misconduct he relies on here. Nor did he make any constitutional argument, relying instead on Ohio Revised Code § 2945.79 and an abuse of discretion standard. To the extent, then, that Guy makes a constitutional argument about denial of new trial in this case, he has procedurally defaulted that claim by failing to present it as a constitutional claim to the Tenth District Court of Appeals.

The motion for new trial claim is also subject to procedural default because it was untimely. In dealing with the Ninth Assignment of Error, the Tenth District wrote:

> {65} James did not assert there was newly discovered evidence in his motion for new trial; therefore, it was required to be filed within 14 days after the verdicts were rendered. The jury rendered their verdicts in this case on March 2, 2017. James did not file his motion for new trial until March 23, 2017. Thus, his motion was untimely and failed to establish that he was unavoidably prevented from. filing within the time set forth in the rules. Moreover, the motion for new trial was based on alleged irregularities in the proceedings and a claim that there was insufficient evidence to support the jury's verdicts. These were largely the same claims asserted in his appeal to this court. As explained above, we find no merit to these arguments and cannot conclude the trial court abused its discretion by denying the motion for new trial.

---

[2] Even though the phone call was excluded, Guy claims the jury heard it anyway.

14

*State v. Guy, supra.*

### E. Ground Thirteen/K(a)(1): Ineffective Assistance of Appellate Counsel

In his Thirteenth Ground for Relief, Petitioner claims he received ineffective assistance of appellate counsel when his appellate attorney failed to plead as an assignment of error that the trial court abused its discretion by failing to grant a continuance or impose sanctions on the prosecution due to untimely disclosure of discovery material.

The Report notes that Petitioner raised this claim as part of an Application to Reopen his Appeal under Ohio R. App. P. 26(B) and the Tenth District decided it on the merits, concluding the omitted assignment of error would not likely have been successful if it had been pleaded. (Report, ECF No. 28, PageID 2664-65, quoting *State v. Guy, supra.*) Concluding this decision was neither contrary to nor an objectively unreasonable application of *Strickland v. Washington,* 466 U.S. 668 (1984), the Magistrate Judge recommended it be dismissed. *Id.* at PageID 2667.

Petitioner objects that, contrary to the express finding of the Tenth District, he did request a continuance, but can only prove that by admission of the personal recording he made of the trial. The official trial record shows he did not. As noted in the Magistrate Judge's denial of admission of the personal recorder, Petitioner had a remedy for inaccuracies in the record under Ohio R. App. P. 11(E). His appellate attorney could have moved under that rule to correct the record but did not. If failure to do so was ineffective assistance of appellate counsel, Guy could have

15

included that claim in his 26(B) Application but did not. Guy has not demonstrated that the Tenth District's finding that he did not request a continuance is contradicted by the record.

The Objections note that Ohio R. Crim. P. 16 allows a continuance as a sanction for untimely discovery. That is true. But even assuming that the corrected record would show that Guy requested a continuance, the rule left the choice of sanction up to the trial judge. Guy has not shown there was an abuse of discretion in denying a continuance, assuming he requested one. Indeed, the Tenth District found he was not prejudiced because of the nature of the late discovery.

Guy has not persuaded this Court that failure to complain of denial of a continuance on direct appeal was ineffective assistance of appellate counsel.

### III. Conclusion

Having reviewed *de novo* those portions of the Magistrate Judge's Report to which substantial objection has been made, the Court finds the Objections are not well-taken and they are hereby **OVERRULED**. The Report is **ADOPTED,** and the Clerk is directed to enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, the Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

    /s/ Sarah D. Morrison
**Sarah D. Morrison**
**United States District Judge**